### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

TONYA BERRY,

    PLAINTIFF,

v.                                                            CASE NO.: CV-11-J-369-S

NOLAND HEALTH SERVICES, INC.,

    DEFENDANT.

### MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment (doc. 15), brief and evidence in support of said motion (docs. 16-17), to which the plaintiff did not respond, but the defendant thereafter filed a reply (doc. 20).[1]  Having considered the pleadings, evidence and memorandum of the defendant, the court finds as follows:

### I.  Factual Background

Plaintiff sues her employer for violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981a and 42 U.S.C. § 1981 for race (black) discrimination, racially

---

[1]Pursuant to the scheduling order entered in this case on May 16, 2011, the plaintiff had fourteen days from the date the defendant filed its motion, brief and evidence, to respond to the motion for summary judgment.  The defendant's motion and evidence were filed on February 20, 2012, and to date, no response has been received from the plaintiff.

hostile work environment and retaliation.[2] The plaintiff began working for defendant in November 2007 as a licensed practical nurse (LPN). Defendant B-1; exhibit 9. She works the night shift so she can get the shift differential. Plaintiff depo. at 59-60. She likes working nights and has not asked to move to days. *Id.* at 61.

On June 24, 2009, the plaintiff filed a charge of discrimination against the defendant, alleging she was denied pay for referrals made to the employer, denied pay in lieu of benefits, and was not awarded a position for which she did not apply. Plaintiff depo. at 63; defendant B-1, exhibit 9. The plaintiff also asserts she was denied other promotions[3] because none of the positions were posted. *Id.* By amended charge of discrimination dated April 16, 2010, the plaintiff also claimed retaliation based on the nurse manager placing a monkey dressed in a nurse outfit on her desk. Defendant B-1, exhibit 17.

At her deposition, the plaintiff stated that she could not say the denial of pay in lieu of benefits (PIB) was based on her race. Plaintiff depo. at 65. It could have been because she was a LPN. *Id.* at 65-66. The plaintiff also claims that because jobs

---

[2] According to the allegations of the complaint, the claims for hostile work environment and retaliation arise from a stuffed monkey dressed in a nursing uniform which appeared in the nurse manager's office.

[3] Plaintiff's claim of discrimination for denial of the liaison position was withdrawn during her deposition. Plaintiff depo. at 67-68. Similarly, after admitting she lacked the necessary qualifications for two other positions, the plaintiff withdrew her claims for those as well. *Id.* at 68-76. The only promotion claim remaining is that the plaintiff did not receive the wound care position. Plaintiff depo. at 76.

were not posted, she did not get the opportunity to apply for them. *See e.g.*, plaintiff depo. at 68, 72-73. However, the plaintiff was aware of the defendant's career website where open positions were posted. Plaintiff depo. at 78.

The plaintiff alleges she should have gotten the position of wound care nurse, which she thought was filled by Shella Palmer in 2008. Plaintiff depo. at 81. She agreed Ms. Palmer could have been filling these duties while the position remained open in 2008 and 2009. *Id*. at 82-83. The plaintiff did not know that Shella Palmer was actually working under a contractor wound care nurse until someone was hired by defendant to fill this position.[4] *Id*. at 81-89. The plaintiff also agreed that the position required an RN with a wound care certification, neither of which she had. *Id*. at 89. However, the plaintiff also asserts that Ms. Palmer was given these duties because she is white, although the plaintiff has no evidence of this. *Id*. at 107.

The plaintiff next complains about a stuffed monkey which first appeared in Melissa Austin's office around February 26, 2010, eight months after the plaintiff filed her first EEOC charge. Plaintiff depo. at 114- 116; 123-124. The monkey was received as a promotional item from a national conference regarding infection

---

[4]The plaintiff also would have worked more hours per week and made less money per week had she filled the wound care position because of the loss of her shift differential. Plaintiff depo. at 97-99. However, she insisted she was injured by the position not being posted as fillable by an LPN. *Id.* at 102. When asked if she would have gone from nights to days to fill the position, the plaintiff responded "It would have been nice to have been asked." *Id.* at 109.

control.  Declaration of John Heffner,[5] ¶ 15.  Upon learning of complaints about the monkey, it was removed. *Id*., ¶ 16.  The plaintiff asserts the monkey was in retaliation for her prior claims of discrimination.  Plaintiff depo. at 115-116; *see* defendant B-1, exhibits 18 and 19.  It was a brown stuffed monkey with a blue scrub top, a blue hat, and a mask that was two or three feet tall.  Plaintiff depo. at 122-123.  She saw it three or four times.  *Id.* at 123.  The plaintiff explained that the monkey "just took me back to just times of slavery..." *Id*. at 117.  She related this to black people being called monkeys, although no one from defendant ever called her this, or made any racially derogatory comments at all.  *Id*. at 118, 168.  She testified any depiction of a monkey, anywhere, is racially offensive.  *Id.* at 119-120.

The plaintiff also complains that on several occasions, her shifts were canceled, causing her to use vacation time in order to still get a full paycheck.  Plaintiff depo. at 148-149.  When the patient number was low, nursing shifts would be canceled to meet the proper nurse-to-patient ratio.  *Id*. at 153-154.  However, the plaintiff believes she should have been able to work her shift on those occasions rather than flexipool nurses.  *Id*.  She admits the nurses whose shifts were not canceled were RNs and not LPNs.  *Id*. at 154-155.  The plaintiff agrees on the schedule where her shift was

---

[5]John Heffner is vice-president of the defendant's Hospital Division.  Heffner Declaration, ¶ 3.

canceled, she is listed as PRN (as needed) rather than full time, but states the same was a mistake, as she has always been a full time employee. *Id.* at 156-159.

## II. Standard of Review

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986); *Reeves v. C.H. Robinson Worldwide, Inc.*, 525 F .3d 1139, 1143 (11th Cir.2008). The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must

be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc*., 419 F.3d 1169, 1181 (11th Cir.2005).

Although the plaintiff has failed to file a response to the defendant's motion for summary judgment, no procedural tool for a default summary judgment exists under Fed.R.Civ.Pro. 56. The court must still find that summary judgment is appropriate from the pleadings and the evidence. However, "the language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp*., 477 U.S. at 322-23.

### III. Legal Analysis

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001); *Stewart v. Booker T. Washington Ins*., 232 F.3d 844, 848 (11th Cir.2000). Applying these standards, the court has considered the plaintiff's claims.

Having reviewed the complaint, the deposition of plaintiff, the declaration of John Heffner and the declaration of Tina Shaw, the court can find no genuine issue of material fact on which this case may proceed to trial. The plaintiff's claims, as detailed in her deposition, concern not receiving promotions to positions for which she was not qualified, one shift being canceled because the patient number was low, and her belief that monkeys in general are evidence of racial discrimination. Viewed in the light most favorable to the plaintiff, the court is unable to find evidence which could satisfy the plaintiff's burden under Rule 56, Fed.R.Civ.Pro., let alone which could establish each essential element of her case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

## IV. Conclusion

Having considered the foregoing, and finding that the plaintiff has failed to establish any genuine issue of material fact on her claims, the court is of the opinion that the defendant's motion for summary judgment is due to be granted and shall so rule by separate Order.

**DONE** and **ORDERED** this the 13th day of March, 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE